IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BNK ADVISORY GROUP, INC.<br>2102 Main Street<br>Northampton, PA 18067<br>　　　　　　Plaintiff<br><br>vs.<br><br>SUNTRUST EQUITABLE SECURITIES<br>CORPORATION<br>303 Peachtree Street<br>Atlanta, GA 30308-3201<br>　　　　　　Defendant | CIVIL ACTION NO. 02-CV-3221<br><br>JURY TRIAL DEMANDED |

MEMORANDUM IN SUPPORT OF
DEFENDANT SUNTRUST EQUITABLE SECURITIES
CORPORATION'S MOTION TO DISMISS PURSUANT TO 12(b)(1)

I.  **INTRODUCTION**

This is an action for copyright infringement filed by Plaintiff BNK Advisory Group, Inc. ("BNK") against Defendant, SunTrust Equitable Securities Corporation ("SUNTRUST").

Defendant SUNTRUST brings this Motion to Dismiss the Complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). Under § 411(a) of the Copyright Act, (17 U.S.C. § 411(a)), obtaining (or being denied) a certificate of copyright registration is a jurisdictional prerequisite to bringing a copyright infringement action. Plaintiff has provided no evidence of obtaining (or being denied) a certificate of copyright registration. Therefore, Plaintiff BNK has not met the jurisdictional requirement for bringing an action for copyright infringement.

For these reasons and for the reasons stated *infra*, Defendant SUNTRUST respectfully requests that the court grant its Motion to Dismiss the Complaint..

## II. BACKGROUND/FACTS

Plaintiff, BNK, commenced this action in the Court of Common Pleas of Northampton County, Pennsylvania, Civil Law, which action was assigned docket number C0048CV2001007091. The Verified Complaint constitutes all process, pleadings and orders served upon SUNTRUST to date in this action.

This being a copyright infringement matter, it is a civil action for which this court has original and *exclusive* jurisdiction under the provisions of 28 U.S.C. § 1338(a) and 17 U.S.C. § 301, since this case arises under the Copyright Laws of the United States, 17 U.S.C. §§ 101 *et seq*. For this reason, this matter has been removed from the Court of Common Pleas of Northampton County, Pennsylvania, to this court by SUNTRUST pursuant to the provisions of 28 U.S.C. § 1441.

The Verified Complaint alleges no particular jurisdictional basis except that it alleges a claim of common law copyright infringement. In particular, the Verified Complaint, in the paragraphs identified, alleges:

> 13. BNK's article "How Risky Are Corporates?" contained a large amount of material, substance, and techniques wholly original with BNK and was and is properly subject to copyright under the statutes of the United States and under the common law.
>
> 14. On or about March 17, 2000, SUNTRUST infringed the common law copyright by publishing and placing upon the market its article entitled "A Fresh Look at Corporate Securities," which was copied in substance, form and technique from BNK's article "How Risky Are Corporates?"

\*\*\*

> 19. Since January 21, 2000, Plaintiff has been and still is the sole owner and proprietor of all rights, title, and interest in and to the common law copyrights of its newsletter.
>
> 20. BNK has at all times retained full ownership of its article and the title thereof, and all rights therein and thereto, and has never licensed or authorized the use of it at any time or in any manner whatsoever.
>
> 21. BNK has at all times acted to protect and preserve the common law copyrights of its newsletter and article by controlling and limiting the distribution thereof to a restricted group of recipients.

\*\*\*

> WHEREFORE, Plaintiff BNK Advisory Group, Inc., prays that Defendant SunTrust Equitable Securities Corporation be required to account for the benefits and profits it has received from its infringement of Plaintiff's copyrights and for judgment in a sum in excess of Fifty Thousand and 00/100 ($50,000.00) Dollars, plus interest, plus costs, and plus such other relief as this Honorable Court deems appropriate.

The Verified Complaint[1] thus appears to set forth allegations that would give rise to a cause of action under the Copyright Laws of the United States; however, there is no allegation that Plaintiff has obtained (or been denied) a copyright registration by the Copyright Office. No certificates of copyright registration were attached to the Complaint. Nor did Plaintiff allege that it received certificates of copyright registration, or that registration had been refused. Furthermore, there is no allegation that BNK has filed a copyright application with the Copyright Office, has deposited the required copies of the work, nor has it paid the proper filing fee.

---

[1]For convenience, a copy of the Verified Complaint is attached as Exhibit A.

It is believed that Plaintiff BNK has not obtained, or been denied, any certificates of copyright registration on its work and, thus, the court lacks subject matter jurisdiction over Plaintiff's copyright infringement claim asserted against Defendant, SUNTRUST.

### III. STANDARD

#### A. Standard for Motion to Dismiss under Rule 12(b)(1).

Under Fed.R.Civ.P. 12(b)(1), "[d]imissal is appropriate when the court lacks subject matter jurisdiction over a claim." *Araiza v. National Steel and Shipbuilding Co.*, 973 F.Supp. 963, 964 (S.D. Cal. 1997). The party invoking federal jurisdiction must "allege in [its] pleadings the facts essential to show jurisdiction," and "must support [those facts] by competent proof." *Tuff-N-Rumble Management, Inc. v. Sugarhill Music Publishing, Inc.*, 49 F.Supp.2d 673, 677 (S.D.N.Y. 1999), citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936) (other citations omitted).

As further noted in *Brian Spotts v. United States of America,* 2002 WL 1197136 (EDPa May 21, 2002) at page 1[2]:

> "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Kehr Packages v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir.), *cert denied,* 501 U.S. 1222, 111 S.Ct. 2839 (1991) (citing *Mortensen,* 549 F.2d at 891) *see also Development Fin. corp. v. Alpha Hous. & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995) However, plaintiff's burden is light; [footnote omitted] dismissal for lack of jurisdiction is only appropriate where the right claimed "is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Growth Horizons, Inc. v. Delaware Country* 983 F.2d 1277, 1280-81 (3d Cir. 1993) quoting

---

[2]For convenience, a copy of this Opinion is attached as Exhibit B.

> *Kulick v. Pocono Downs Racing Ass'n*, 816 F.2d 895, 899 (3d Cir. 1987) (quoting *Oneida Indian Nation v. Country of Oneida*, 414 U.S. 661, 666, 94 S.Ct. 772, 777 (1974))).

Here, Plaintiff's claim is foreclosed by its failure to meet the minimum jurisdictional requirements for a claim of copyright infringement – as recognized by prior decisions and the Copyright Act.

A motion under Rule 12(b)(1) may either take the form of a factual or facial challenge to the subject matter jurisdiction. *Spotts, supra*. In a "facial" attack on jurisdiction, all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. *Provenzano v. United States*, 123 F.Supp.2d 554, 557 (S.D. Cal. 2000) In a "factual" attack on jurisdiction, the court may consider matters other than the pleadings and no presumption of truthfulness attaches to plaintiff's allegations. *Id.*

In this case, the distinction between the two types of Rule 12(b)(1) Motions makes no difference because under either scenario, the Court lacks subject matter jurisdiction over Plaintiff's copyright infringement claim. Also, SUNTRUST is not relying on any "extrinsic" evidence to support its Motion; only the material in the Complaint.

As demonstrated *infra*, Plaintiff has failed to meet its burden of establishing subject matter jurisdiction.

    **B.**     **Under Section 411(a) of the Copyright Act, copyright registration is a jurisdictional prerequisite to bringing a copyright infringement action.**

Section 411(a) of the Copyright Act provides that "no action for infringement of the copyright in any work shall be instituted until registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). If the registration has been refused, the applicant

5

may bring an infringement claim after giving notice to the Register of Copyrights. *Id.* "The registration requirement is a jurisdictional prerequisite to an infringement suit." *M.G.B. Homes, Inc, v. Ameron Homes, Inc.*, 903 F.2d 1486, 1488 and n.4 (11th Cir. 1990); *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1211 (9th Cir. 1998). As further recognized by Judge Sloviter in *Raquel v. Education Management Corporation*, 196 F.3d 171, 175, after citing Section 411(a), "Thus, the issue is whether Raquel has met the jurisdictional prerequisite for maintaining a copyright infringement action, *namely a valid registration in the work that has allegedly been subject to an infringing use.*" (Emphasis added.)

IV.  **ARGUMENT - The copyright infringement claim against SUNTRUST should be dismissed for lack of subject matter jurisdiction because there is no evidence that Plaintiff obtained a copyright registration or that registration has been refused.**

Some courts have held that a certificate of registration is mandatory for bringing a copyright action. *Raquel, Id.* Other courts have held that evidence of (1) payment of required application fee, (2) deposit of the work and (3) receipt by the Copyright Office of the copyright application are sufficient for bringing a copyright action. *Sungard Data Systems Inc. V. Devlin*, 37 USPQ 2d 1990 (EDPa 1995).[3]

Plaintiff has failed to meet either of these standards.

A.  **Failure to obtain a copyright registration prohibits subject matter jurisdiction.**

In dismissing plaintiff's copyright infringement claim, the court for the Northern District of California in *Ryan v. Carl Corp.*, 1998 WL 320817, *3[4] (N.D. Cal. June 15, 1998) held that plaintiff

---

[3]For convenience, a copy of this Opinion is attached as Exhibit C.

[4]For convenience, a copy of this Opinion is attached as Exhibit D.

cannot commence a copyright infringement action while her copyright application is pending before the Copyright Office.[5] The *Ryan* court recognized the split of authority on this issue and based its decision on the text of the copyright statute. In concluding that "the statute unambiguously forecloses copyright suits while a copyright application is pending," the *Ryan* court stated:

> A close reading of the Act indicates that registration does not occur until after the Copyright Office issues a certificate of registration.
>
> • • •
>
> The Act states that the Register of Copyrights shall register a claim and issue a certificate '[w]hen, after examination, [she] determines that ... the material deposited constitutes copyrightable subject matter and that the other legal and formal requirements of this title have been met.' 17 U.S.C. § 410(a). Because it indicates that the Copyright Office, not the applicant, registers a claim, and that examination is a prerequisite to registration, the section cuts against plaintiffs' position of automatic registration.

*Id.* at *2.

*See also, Ashlar, Inc. v. Structural Dynamics Research Corp.*, 36 USPQ2d 1402, 1405 (N.D. Cal. 1995)[6] (Court dismissed defendant's counterclaim for copyright infringement because of no registration and stated, *in dictum*, that copyright suits may not be brought while an application is pending with the Copyright Office); *City Merchandise, Inc. v. Kings Overseas Corp.*, 2001 WL 286724, *2-3[7] (S.D.N.Y. March 23, 2001) ("It is well settled that the court lacks subject matter

---

[5] The *Ryan* case involved a class action lawsuit in which the court granted the motion to dismiss with respect to plaintiff Ryan and to similarly situated putative class members whose copyright applications were still pending before the Copyright Office when the infringement claim was filed.

[6] For convenience, a copy of this is attached as Exhibit E.

[7] For convenience, a copy of this is attached as Exhibit F.

jurisdiction unless the claimant has a registration or its registration has been refused. ... Plaintiff has not alleged ownership, *i.e.*, registration, of the copyright, therefore it has not met the jurisdictional requirements for a copyright claim. Its claim for copyright infringement must be dismissed."); *Abbott v. Tyson*, 2001 WL 228169, *2[8] (S.D. Al. February 16, 2001) ("Because [p]laintiff has failed to obtain a copyright registration prior to filing this infringement action, the [c]ourt is without subject matter jurisdiction."); *Miller v. CP Chemicals, Inc.*, 808 F.Supp. 1238, 1241 (D.S.C. 1992) ("Without the copyright certificates, the plaintiff has no *prima facie* evidence of registration, and thus has no standing to sue for copyright infringement.").

In the Eastern District, suits have also been dismissed for failure to receive (or apply for) a copyright registration. As noted by the court in *McCormick v. Furgerson*, 1995 WL 338522 (E.D. Pa) at p. 1)[9]:

> Thereafter, the moving Defendants filed a motion to dismiss for lack of personal jurisdiction, lack of subject matter jurisdiction, and insufficient service or process. The court granted the motion to dismiss for lack of subject mater jurisdiction because Plaintiff offered no evidence that she applied for or received a copyright registration for her literary work. *See* 17 U.S.C. § 411(a).

Here, Plaintiff apparently has *not* applied to register its claim to copyright in the work. Nor is there any evidence that Plaintiff's applications for registration have been refused. Accordingly, Plaintiff has not met the statutory jurisdictional requirements for a copyright claim under the Copyright Laws and, thus, its claim for copyright infringement against SUNTRUST should be dismissed.

---

[8]For convenience, a copy of this is attached as Exhibit G.

[9]For convenience, a copy of this Opinion is attached as Exhibit H.

8

**B.     Evidence of only a copyright application and deposit are not sufficient to confer subject matter jurisdiction.**

Some courts have found that the "registration requirement" set forth in § 411(a) of the Copyright Act may be satisfied by presenting evidence that the Copyright Office has received plaintiff's application, plaintiff has deposited the work in question, and paid the registration fee. *Sungard Data Systems Inc. V. Devlin*, 37 USPQ 2d 1990 (EDPa 1995). See also *Gable-Leigh, Inc. v. North American Miss,* 2001 WL 521695, *4[10] (C.D. Cal. April 13, 2001), *citing Apple Barrel Productions v. R.D. Beard,* 730 F.2d 384, 386 (5th Cir. 1984) ("In order to bring suit for copyright infringement, it is not necessary to prove possession of a registration certificate. One need only prove payment of the required fee, deposit of the work in question, and receipt by the Copyright Office of a registration application."). "Evidence that the Copyright Office received the materials satisfies the 'jurisdictional requirement,' whether or not the application is accepted or rejected, and whether or not its submission precedes or follows the alleged infringement." *Gable-Leigh,* 2001 WL at *4, *citing Dielsi v. Falk,* 916 F.Supp. 985, 994 n.6 (C.D. Cal. 1996). See also, *Tabra, Inc. v. Treasurers de Paradise Designs, Inc.,* 20 USPQ2d 1313, 1318 (N.D. Cal. 1992); *Wilson v. Mr. Tee's,* 855 F.Supp. 679, 682 (D.N.J. 1994); *Tang v. Hwang,* 799 F.Supp. 499, 502-03 (E.D. Pa. 1992).

In *Gable-Leigh,* the court found that plaintiff satisfied the jurisdictional requirement set forth in § 411 because it provided copies of (1) the materials deposited, (2) the overnight mail receipt, and (3) the check for the registration fee endorsed by the Register of Copyrights. *Gable-Leigh,* 2001 WL at *4 (Exhibit I). In addition, plaintiff had been advised that the Copyright Office received its

---

[10]For convenience, a copy of this is attached as Exhibit I.

9

copyright application. *Id.*

Here, there is no evidence that Plaintiff has submitted a copyright application and corresponding deposits. There is no evidence that Plaintiff paid the correct registration fee or that the Copyright Office received Plaintiff's applications. Accordingly, even under this "relaxed" standard for finding subject matter jurisdiction, Plaintiff has not met the minimum "registration requirement" set forth in § 411. Therefore, the court does not have subject matter jurisdiction over Plaintiff's copyright infringement claim, and the claim for copyright infringement should be dismissed.

## V. CONCLUSION

For all of the foregoing reasons, it is respectfully requested that the Court dismiss Plaintiff's Complaint for copyright infringement as to SUNTRUST.

Respectfully submitted,

CAESAR, RIVISE, BERNSTEIN,
COHEN & POKOTILOW, LTD.

June 10, 2002

By: _____
Eric S. Marzluf
(Attorney I.D. #39768)
12th Floor - Seven Penn Center
1635 Market Street
Philadelphia, PA 19103-2212
(215) 567-2010
Attorneys for Defendant
SUNTRUST EQUITABLE SECURITIES
CORPORATION