IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BNK ADVISORY GROUP, INC.<br>2102 Main Street<br>Northampton, PA 18067<br>　　　　　Plaintiff<br><br>vs.<br><br>SUNTRUST EQUITABLE SECURITIES<br>CORPORATION<br>303 Peachtree Street<br>Atlanta, GA 30308-3201<br>　　　　　Defendant | CIVIL ACTION NO. 02-CV-3221<br><br>JURY TRIAL DEMANDED |

DEFENDANT SUNTRUST EQUITABLE SECURITIES
CORPORATION'S REPLY TO PLAINTIFF BNK ADVISORY
GROUP, INC.'S ANSWER TO DEFENDANT'S
<u>MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)</u>

The Defendant, SunTrust Equitable Securities Corporation ("SUNTRUST") respectfully requests that the following remarks be considered by the court in response to allegations raised for the first time in Plaintiff's, BNK Advisory Group, Inc.'s (BNK) opposition to SUNTRUST's motion to dismiss pursuant to Rule 12(b)(1).

I.　　BACKGROUND

This is an action for copyright infringement that was first filed by BNK in state court and removed to federal district by SUNTRUST. The state court lacked subject matter jurisdiction of any copyright infringement claim pursuant to 17 U.S.C. § 301. The case was removed from the Court of Common Pleas of Northampton County, Pennsylvania.

The Verified Complaint alleges no particular jurisdictional basis except that it alleges a claim of common law copyright infringement. There is no allegation in the Verified Complaint that BNK has received a certificate of copyright registration, or that registration has been refused, or that a

copyright application as been filed with the Copyright Office.

II.   DISCUSSION

    A.   Dismissal is proper because the Verified Complaint does not allege that Plaintiff <u>has obtained a copyright registration.</u>

Without an allegation that Plaintiff has obtained a copyright registration, there is no jurisdictional basis in the Verified Complaint, and dismissal is appropriate. *Araiza v. National Steel and Shipbuilding Co.*, 973 F. Supp. 963, 964 (S.D.Ca. 1997).

BNK alleges for the first time in opposition to Defendant's motion to dismiss that a claim to copyright was registered on May 18, 2000. A copyright registration is attached to Plaintiff's opposition; however, there is no substantiation that this copyright registration is for the work alleged to be infringed. Moreover, the Verified Complaint upon which this matter depends *does not allege such a registration*. In other words, the *pleadings* do not disclose factual evidence essential to show jurisdiction. The party invoking federal jurisdiction must "allege in [its] pleadings the facts essential to show jurisdiction," and "must support [those facts] by competent proof." *Tuff-N-Rumble Management, Inc. v. Sugarhill Music Publishing, Inc.*, 49 F. Supp. 2d 673, 677 (S.D.N.Y. 1999) citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936) (other citations omitted). Such "competent proof" is not found in the pleadings.

    B.   <u>SUNTRUST has not admitted that it infringed BNK's copyright</u>

It is impossible for SUNTRUST to have admitted that it infringed a claim to copyright when it has not even been alleged that BNK has a claim to copyright that might be infringed.

The fact that Plaintiff submitted discovery requests in a court that did not have subject matter jurisdiction for a claim of copyright infringement cannot be now interpreted to mean that

SUNTRUST has admitted infringement. Moreover, it is ingenuous of Plaintiff now to withdraw its explicit permission granting additional time ro respond to the Requests for Admission in the state court action. (See Exhibit D to Plaintiff's Opposition.) While Plaintiff's attorney was unsure whether court permission was necessary for an extension, the Pennsylvania Rules of Civil Procedure do not mandate such permission.

Rule 4002 of the Pennsylvania Rules of Civil Procedure states:

> The parties may by agreement (1) provide that depositions may betaken before any person, at any time or place, upon any notice, and in any manner, and when so taken may be used like other depositions, and (2) modify the procedures provided by these rules for methods of discovery.

More importantly, the Explanatory Note – 1978 provides the following explanation for this rule:

> The amendments of this Rule makes two changes in present practice.
>
> First they enlarge the right of the parties by permitting them to agree to modify the procedures for discovery as well as for the taking of depositions. This will be broader than Fed. R. Civ. P. 29 as amended in 1970. The Federal Rule requires court approval of any agreement to extend the time for responses in three instances during the discovery stage. The amendments to Rule 4002 do not incorporate this limitation. The need for leave of court to extend time may act as a spur to prompt responses but it must be balanced against the need for conservation of judicial manpower of already overburdened courts. Busy judges normally approve stipulations of counsel with respect to extrajudicial matters at the early stages of litigation. Little will be gained as practical matter by requiring leave, and the need for hearing could actually accentuate delay. *If one party agrees to give his opponent extra time to answer, why should the judge intervene and refuse?* [Emphasis added.]
>
> Second, the phrase "stipulate in writing" in the prior Rule is changed to read "by agreement".

3

> \*\*\*\*
> Counsel will be well advised to confirm such agreements in writing to avoid misunderstandings.

It is apparent from the correspondence between counsel that there was an agreement extending the time for responding to the requests for admissions. That is all that is required in Pennsylvania state court.

## III. CONCLUSIONS

Defendant SUNTRUST has set forth explicitly the requirements for maintaining a claim for copyright infringement in federal court. The pleadings must set forth a claim upon which jurisdiction can be determined. There cannot be a claim for common law copyright infringement. All claims for copyright infringement must be brought in federal court. The Verified Complaint in this action does not disclose, much less plead, a copyright registration upon which jurisdiction may be based. Indeed, Defendant SUNTRUST was never informed that there *might* be a copyright registration before receiving Plaintiff's opposition papers.

Accordingly, in view of the fact that the pleadings do not set forth facts upon which jurisdiction may be based, it is respectfully requested that Defendant SUNTRUST's motion to dismiss pursuant to Rule 12(b)(1) Fed. R. Civ. P. be granted.

        Respectfully submitted,

        CAESAR, RIVISE, BERNSTEIN,
        COHEN & POKOTILOW, LTD.

July 3, 2002        By: _____
        Eric S. Marzluf
        (Attorney I.D. #39763)
        12th Floor - Seven Penn Center
        1635 Market Street
        Philadelphia, PA 19103-2212
        (215) 567-2010
        Attorneys for Defendant
        SUNTRUST EQUITABLE SECURITIES
        CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing DEFENDANT SUNTRUST EQUITABLE SECURITIES CORPORATION'S REPLY TO PLAINTIFF BNK ADVISORY GROUP, INC'S ANSWER TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) in support thereof and Proposed ORDER have been served on the Plaintiff, by delivery of one (1) true and correct copy of the same via first class mail, postage prepaid, to:

        Charles E. Shoemaker, Jr., Esq.
        727-729 North 19th Street
        Allentown, PA 18104

this 3d day of July, 2002.

        _____
        Eric S. Marzluf