IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BNK ADVISORY GROUP, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SUNTRUST EQUITABLE SECURITIES CORPORATION | : | NO. 02-3221 |
| | : | |

O R D E R

AND NOW, this    day of October, 2002, upon consideration of the Motion of Defendant Suntrust Equitable Securities Corporation's ("Defendant") Motion to Dismiss Pursuant to 12(b)(1) ("Motion")(Docket No. 2), Plaintiff BNK Advisory Group, Inc.'s ("Plaintiff") Answer to Defendant's Motion (Docket No. 3), Defendant's Reply to Plaintiff's Answer to Defendant's Motion (Docket No. 4), Defendant's Supplemental Reply to Plaintiff's Answer to Defendant's Motion (Docket No. 5), and all papers filed in support thereof or in opposition thereto, it is ORDERED that the Motion is GRANTED without prejudice provided that Plaintiff file an amended complaint, if it can do so in accordance with § 411(a) of the Copyright Act (17 U.S.C. § 411(a)) within 20 days of the date of this order.[1]  If no amended

---

[1] Copyright registration under § 411 is a prerequisite for a district court's jurisdiction, and courts have consistently required pleadings to recite the registration requirements.  See 17 U.S.C. §411(a) ("no action for infringement of the copyright in any work shall be instituted until registration of the copyright claim has been made in accordance with this title"); See Pavelic & LeFlore v. Marvel Entertainment Group, 493 U.S. 120, 121 (1989) (referring in its procedural history to the fact that the district court dismissed the complaint with leave to refile based on a lack of subject matter jurisdiction in part due to the complaint's failure to specify the registration number of the copyright); See Tuff-N-Rumble v. Sugarhill Music Publishing Inc., 49 F.Supp.2d

complaint is filed, this case will, on motion of defendant, be dismissed with prejudice.

    AND IT IS SO ORDERED.

                              R. Barclay Surrick, Judge

---

673, 677 (S.D.N.Y. 1999) (holding that "district courts are without subject matter jurisdiction to hear claims for federal copyright infringement unless a party asserts in his pleadings that he has received an actual certificate of registration or its denial from the Copyright office") (citing Whimsicality, Inc. v. Rubie's Costume Co., Inc., 891 F.2d 452, 453 (2d Cir. 1989). Plaintiff's complaint in this case fails to plead that Plaintiff applied for or received a copyright registration for the work in question. If the Plaintiff has registered the material in question, it can cure this defect by filing an amended complaint. We will therefore permit Plaintiff to amend its complaint to comply with §411(a). See McCormick v. Fugerson, Mouse Works, Civ. A. No. 94-3944, 1995 WL 580339, *1 (E.D.Pa. Sept. 28, 1995), aff'd without op. 82 F.3d 405 (3d Cir. 1996) (referring to an earlier order of the court that dismissed the copyright claim without prejudice and with leave to amend on these grounds); See also Douglas v. Kimberly-Clark Corp., Civ. A. No. 92-3394, 1992 WL 189411 (E.D.Pa. July 28, 1992). We note that there appears to be a dispute between the parties regarding whether the registration form submitted in Plaintiff's Answer to Defendant's Motion, is the registration form for the material in question. Plaintiff's amended complaint should provide clarification.